## WALLACE W. LANGDON *vs.* BILLINGS PALMER.

Berkshire. Sept. 12. — Oct. 3, 1882. ENDICOTT, LORD & FIELD, JJ., absent.

A commissioner, appointed by the Probate Court to make partition of land between two tenants in common, who has not been paid for his services, is not entitled, under the Gen. Sts. *c.* 136, § 59, to recover, as money received to his use, one half of the amount of the charges for his services, from the tenant collecting of the other tenant, upon an execution issued therefor, one half of the expenses and charges allowed by the court, although the amount sued for is included in the sum collected.

CONTRACT in two counts, the first upon an account annexed, and the second for money received by the defendant to the plaintiff's use. At the trial in the Superior Court, before *Mason*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*H. C. Joyner*, for the plaintiff.

*E. T. Slocum*, for the defendant.

W. ALLEN, J. The Gen. Sts. *c.* 136, § 59, relating to the partition of land in the Probate Court, provide that "the expenses and charges incurred shall be ascertained and allowed by the court, and paid by all the parties interested in the partition in proportion to their respective shares or interests in the premises. If any one neglects to pay his part, an execution therefor may be issued against him."

In the case at bar, partition was made by the Probate Court on the petition of one of two tenants in common in equal proportions, and judgment was entered in favor of the petitioner against the respondent for one half of the expenses and charges, and execution was issued therefor, which recited that the whole of the expenses and charges had been paid by the petitioner; and the amount due on the execution was collected and received by the defendant as the attorney for the petitioner, and is still held by him. The amount of the plaintiff's charges as commissioner were included in the expenses and charges allowed by the court, but have not been paid to him; and he contends that, by the effect of the statute, one half of the amount was due to him

OCTOBER, 1882.

from the respondent, and, when collected on the execution by the defendant, was received by him to the plaintiff's use. But we think the statute was intended to apply only to parties interested in the partition, and not to affect other persons rendering services in relation to the partition, as officers, commissioners or otherwise. The statute was not intended to give a remedy to persons rendering such services, but a right of contribution to parties who had incurred expense in procuring them. *Potter* v. *Hazard*, 11 Allen, 187. The money was not due from the respondent to the plaintiff, and whether properly or improperly recovered by the defendant's principal, it was not money received to the plaintiff's use. *Exceptions overruled.*